Exhibit C

PENNSYLVANIA COURT OF COMMON PLEAS
WESTMORELAND COUNTY, CIVIL DIVISION

| | |
|---|---|
| LUKE GRMEK; | No. 18CI03452 |
| and | **COMPLAINT** |
| CAROL GRMEK; | Filed on behalf of Plaintiffs Luke Grmek and Carol Grmek: |
| *Plaintiffs*; | |
| v. | Counsel of record for these parties: |
| HYUNDAI MOTOR COMPANY, Ltd.; | Victor H. Pribanic<br>Pa. I.D. No. 30785 |
| HYUNDAI MOTOR AMERICA CORPORATION; | Matthew Doebler<br>Pa. I.D. No. 304848 |
| and | Pribanic & Pribanic, LLC<br>513 Court Place<br>Pittsburgh, PA 15219 |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC; | 412-281-8844 |
| *Defendants*. | |

**JURY TRIAL DEMANDED**

**NOTICE TO PLEAD**
TO: DEFENDANTS

Take notice that you must file a written response to this Complaint within 20 days from the date of service of this document or a judgement may be entered against you.

By: _____
Matthew Doebler

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2018 OCT 18   AM 10: 28
CHRISTINA O'BRIEN
PROTHONOTARY

PENNSYLVANIA COURT OF COMMON PLEAS
WESTMORELAND COUNTY, CIVIL DIVISION

LUKE GRMEK; and CAROL GRMEK;          No. 18CI03452

    *Plaintiffs;*

      v.

HYUNDAI MOTOR COMPANY, Ltd.;
HYUNDAI MOTOR AMERICA
CORPORATION; and HYUNDAI
MOTOR MANUFACTURING
ALABAMA, LLC;

    *Defendants.*

### *NOTICE TO DEFEND*

    You have been sued. If you wish to defend against the claims set forth in the following Complaint, you must take action within 20 days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims against you. You are warned that if you fail to do so, the case may proceed without you and a judgement may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

            Lawyer Referral Service
            Westmoreland Bar Association
            P.O. Box 565
            Greensburg, PA 15601
            724-834-8490

                    Matthew Doebler
                    *Attorney for Plaintiff*

## PENNSYLVANIA COURT OF COMMON PLEAS
## WESTMORELAND COUNTY, CIVIL DIVISION

| | |
|---|---|
| LUKE GRMEK; and CAROL GRMEK; | No. 18CI03452 |
| *Plaintiffs;* | |
| v. | |
| HYUNDAI MOTOR COMPANY, Ltd.;<br>HYUNDAI MOTOR AMERICA<br>CORPORATION; and HYUNDAI<br>MOTOR MANUFACTURING<br>ALABAMA, LLC; | |
| *Defendants.* | |

### *COMPLAINT*

Plaintiffs Luke Grmek and Carol Grmek sue Hyundai Motor Company, Ltd.; Hyundai Motor America Corporation; and Hyundai Motor Manufacturing Alabama, LLC and in support allege:

### *Introduction*

1.      This is a products liability case arising out of the failure of a car to protect its occupant during a crash.

2.      Due to the car's defective design, seatbelted Plaintiff Luke Grmek struck his head on the steering wheel during a crash—the car's restraint systems should have prevented this second collision.

3.      Because he hit his head on the steering wheel, Plaintiff suffered a serious head injury, which has had permanent and life changing consequences.

3

*Parties*

4.    Plaintiff Luke Grmek is an adult individual resident of Westmoreland County, Pennsylvania.

5.    Plaintiff Carol Grmek is an adult individual resident of Westmoreland County, Pennsylvania.

6.    Defendant Hyundai Motor Company, Ltd. is a Korean corporation with its principal place of business at 231 Yan-Jae-Dong, Seoscho-Gu, South Korea 137-938.

7.    Defendant Hyundai Motor Company, Ltd. ("Hyundai Motor Company") regularly conducts business within the County of Westmoreland and the Commonwealth of Pennsylvania.

8.    Defendant Hyundai Motor Company is engaged in the business of designing, manufacturing, and selling automobiles.

9.    In the course of designing, manufacturing, selling, and distributing automobiles, Defendant Hyundai Motor Company introduces cars into the stream of commerce.

10.    Defendant Hyundai Motor America Corporation is a California corporation with a mailing address of P.O. Box 20850, Fountain Valley, California, 92728.

11.    Defendant Hyundai Motor America Corporation ("Hyundai Motor America") regularly conducts business within the County of Westmoreland and the Commonwealth of Pennsylvania.

12.    Defendant Hyundai Motor America is engaged in the business of designing, manufacturing, selling, and distributing automobiles.

4

13.    In the course of designing, manufacturing, selling, and distributing automobiles, Defendant Hyundai Motor America introduces cars into the stream of commerce.

14.    Defendants Hyundai Motor Company and Hyundai Motor America (collectively "The Hyundai Defendants") designed, manufactured, and distributed into the stream of commerce the subject 2006 Hyundai Santa Fe with VIN KM8SC73D56U104407 (the "Involved Car").

### The Initial Collision

15.    On 3 August 2016, Plaintiff Luke Grmek was driving the Involved Car west on West Newton Street in Westmoreland County, Pennsylvania.

16.    As Mr. Grmek crossed the intersection of West Newton Street and the Rt. 30 West Ramp, a car driven by Hector Myles-Molina ran through a stop sign and entered the intersection.

17.    The Involved Car driven by Mr. Grmek hit head-on into the car driven by Mr. Myles-Molina (the "Initial Collision").



*Figure 1: Diagram of the car crash from the police report.*

18.     The Initial Collision was entirely the fault of Mr. Myles-Molina: had he not run the stop sign, the crash would not have occurred.

19.     Mr. Grmek was not at fault for the Initial Collision at all: he had the right of way and the crash was caused by Mr. Myles-Molina running the stop sign.

20.     At the time of the Initial Collision, the Involved Car driven by Mr. Grmek was traveling at less than 20 miles per hour.

21.     At the time of the Initial Collision, the airbags in the Involved Car did not deploy.

22.     Mr. Grmek was wearing his seat belt at the time of the Initial Collision in the seat belt's normal and customary manner.

### The Secondary Collision

23.     As a result of the force generated by the Initial Collision, Mr. Grmek was thrust forward.

24.     Mr. Grmek's head struck the steering wheel of the Involved Car (the "Secondary Collision").

25.     In the alternative, the Secondary Collision was caused by Mr. Grmek's head striking another surface in the Involved Car.

26.     Evidence of the Secondary Collision is established through an abrasion on Mr. Grmek's forehead.



*Figure 2: Photograph of abrasion on Luke Grmek's head following the crash.*

27.     Evidence of the Secondary Collision is also established through the post-crash condition of the steering wheel, which is bent forward, towards the windshield.

 

*Figure 3: Photographs of steering wheel following the crash showing deformity caused by impact.*

7

28.   The impact from the Secondary Collision is also evident from the steering column, which was damaged by the force of Mr. Grmek's body striking the steering wheel.



*Figure 4: Photograph of the steering column, which was damaged by the Secondary Collision.*

29.   It is clear that Mr. Grmek was wearing his seat belt at the time of the Initial Collision.

30.   Indeed, the latch plate and D-ring components of the drivers-side seat belt both show marks consistent with loading.



*Figure 5: Photographs of seat belt hardware showing loading marks.*

31.   These loading marks mean that the seat belt was worn during a crash.

32.     The amount of crush on the front end of the Involved Car indicates that it was traveling at approximately 15-20 miles per hour at the time of the Initial Collision.



*Figure 6: Photograph of the Involved Car following the crash.*

33.     A driver wearing a seat belt involved in a crash at these speeds should not hit their head on the steering wheel.

34.     Indeed, when the seat belt functions properly and locks, a driver of Mr. Grmek's height and weight cannot reach the steering wheel.



*Figure 7: Photograph of a surrogate of Mr. Grmek's approximate height and weight showing how far a properly working seat belt keeps his head from the steering wheel.*

35.     Car crashes are—of course—entirely foreseeable and manufacturers have a duty to anticipate them and minimize their consequences in the design and manufacturing process.

36.     Following the crash, Mr. Grmek was treated at the hospital, saw private physicians, and had in-home rehabilitation. Mr. Grmek also participated in ReMed O'Hara, a Neuro-rehabilitation residential program specializing in traumatic brain injury. Mr. Grmek remained in the residential brain injury rehabilitation program for over four months.

### Count 1—Negligence
### Luke Grmek v. Hyundai Motor Company, Ltd.

Plaintiffs restate paragraphs 1 through 36 of this Complaint as if set forth in their entirety here.

37.     Defendants manufactured and distributed the Involved Car.

38.     Defendant Hyundai Motor Company, Ltd. was negligent in the manufacture, design, assembly, distribution, sale, and introduction into the stream of commerce of the Involved Car.

39.     Specifically, Defendant Hyundai Motor Company, Ltd. was negligent in:

a.      failing to design, manufacture, and sell the 2006 Hyundai Santa Fe and its restraint system in a manner so as to render it safe for its intended purpose by providing a safe and adequate design;

b.      failing to test the 2006 Hyundai Santa Fe and its restraint system to determine whether it provided a reasonably adequate design;

c.      failing to warn that the 2006 Hyundai Santa Fe and its restraint system may not operate properly;

d.      failing to provide for a reasonable design of the 2006 Hyundai Santa Fe and its restraint system;

e.      failing to provide sufficient warnings as to the reasonably foreseeable dangers intended in the use or operation of the 2006 Hyundai Santa Fe and its restraint system;

f.      misrepresenting the safety of the 2006 Hyundai Santa Fe;

g.      failing to exercise due and reasonable care under the circumstances in the design, manufacture, and sale of the 2006 Hyundai Santa Fe; and

h.      designing, manufacturing, and selling the 2006 Hyundai Santa Fe with a defective and unreasonably dangerous restraint system.

40.     As a result of the negligence of Defendant Hyundai Motor Company, Ltd., Mr. Grmek suffered the following injuries, some of which may be permanent:

a.      traumatic brain injury,

b.      encephalopathy,

c.      amnesia,

d.      vision problems,

e.      speech impairment,

f.      headache,

g.      dizziness,

h.      trouble concentrating,

i.      difficulty with balance,

j.      post-concussive syndrome,

k.      multiple episodes of loss of consciousness,

11

l.     silent seizures,

m.    depression,

n.    left sided weakness,

o.    neck pain,

p.    trouble sleeping and nightmares,

q.    anxiety, and

r.    panic attacks.

41.    The negligence of Defendant Hyundai Motor Company, Ltd. was a legal and factual cause of Mr. Grmek's injuries.

42.    As a result of Mr. Grmek's injuries, he has suffered the following damages:

a.    past, present, and future pain and suffering;

b.    inconvenience, embarrassment, emotional distress, and mental anguish;

c.    further and additional injuries to the involved muscles, nerves, tissues, organs, ligaments, and vascular systems;

d.    past, present, and future medical expenses;

e.    ongoing need for occupational therapy and physical therapy;

f.    past, present, and future earnings loss and loss of earning capacity;

g.    impairment of his general health, strength, and vitality;

h.    scarring and disfigurement;

i.    loss of mobility and independence; and

j.     loss of the ordinary pleasures and enjoyment of life, including—

without limitation—inability to maintain his home and inability to

participate in previously enjoyed social and physical activities.

WHEREFORE, Plaintiff Luke Grmek requests compensatory damages against

Defendant Hyundai Motor Company, Ltd. in excess of the jurisdictional limits of the Board

of Arbitrators for this Court, plus interest, costs, and any other amounts set by the Court.

## Count 2—Strict Liability Upon Proof of Malfunction
## Luke Grmek v. Hyundai Motor Company, Ltd.

Plaintiffs restate paragraphs 1 through 42 of this Complaint as if set forth in their

entirety here.

43.    Defendants manufactured and distributed the Involved Car.

44.    In light of the fact that Mr. Grmek was wearing his seat belt, the only way the

Secondary Collision could have occurred was if the restraint system malfunctioned.

45.    Therefore, the restraint system in the Involved Car malfunctioned.

46.    The restraint system in the Involved Car was given only normal or anticipated use

prior to the accident (which—in this case—was the Secondary Collision).

47.    No reasonable secondary causes were responsible for the accident (which—in this

case—was the Secondary Collision).

48.    Because of the malfunction of the restraint system in the absence of abnormal use

and reasonable secondary causes, the Involved Car was in a defective condition.

49.    The Involved Car was in a defective condition at the time it left the possession and

control of Defendant Hyundai Motor Company, Ltd. and was not substantially changed

prior to the time of the Initial Collision.

50.    Indeed, since the Involved Car was never in a crash prior to the Initial Collision, the restraint system had never been implemented or called into action.

51.    Thus, only certain parts of the Involved Car had ever been used prior to the Initial Collision and the restraint system—which had never been used in a crash—was the cause of the defect.

52.    Day-to-day buckling and unbuckling of the seatbelts does not constitute "use" of the restraint system so as to establish that it had previously been shown to work as intended in a crash.

53.    The restraint system had not been disassembled, altered, or replaced since the time that the Involved Car left the manufacturer's control and the time of the Initial Collision.

54.    The restraint system was, therefore, defective at the time it left the manufacturer's control regardless of the fact that the Involved Car otherwise functioned properly for a prolonged time.

55.    The Involved Car was, therefore, defective at the time it left the manufacturer's control despite driving normally for years before the Initial Collision.

56.    In the alternative, the components of the restraint system failed before the expiration of the Involved Car's expected lifespan.

57.    Mr. Grmek was harmed, as established more fully in paragraphs 63 and 66 of this Complaint.

58.    The Involved Car was a factual cause or a substantial factor in causing Mr. Grmek's harm and injuries.

14

59.    When the Involved Car was designed, an alternative, safer, practicable restraint system design existed that would have prevented the Secondary Collision.

60.    If an alternative restraint system had been utilized that would have prevented the Secondary Collision, Mr. Grmek would not have suffered from any head injury during the crash.

61.    Mr. Grmek's head injuries were attributable to the defective restraint system.

62.    Defendant Hyundai Motor Company, Ltd., by its agents, servants, or employees, is strictly liable by:

    a.    designing, manufacturing, and selling the 2006 Hyundai Santa Fe or its restraint system in a manner so as to render them unsafe for their intended purpose;

    b.    failing to include adequate warnings that the 2006 Hyundai Santa Fe or its restraint system may not operate properly;

    c.    designing, manufacturing, and selling the 2006 Hyundai Santa Fe with a defective and unsafe restraint system;

    d.    failing to provide sufficient warnings as to the dangers intended in the use or operation of the 2006 Hyundai Santa Fe;

    e.    misrepresenting the safety of the 2006 Hyundai Santa Fe;

    f.    designing, manufacturing, and selling the 2006 Hyundai Santa Fe in such a manner that permitted the driver to strike his head on the steering wheel in a collision.

63.      As a result of the actions and inactions of Defendant Hyundai Motor Company, Ltd. and the defective condition of the Involved Car, Mr. Grmek suffered the following injuries, some of which may be permanent:

     a.    traumatic brain injury,

     b.    encephalopathy,

     c.    amnesia,

     d.    vision problems,

     e.    speech impairment,

     f.    headache,

     g.    dizziness,

     h.    trouble concentrating,

     i.    difficulty with balance,

     j.    post-concussive syndrome,

     k.    multiple episodes of loss of consciousness,

     l.    silent seizures,

     m.    depression,

     n.    left sided weakness,

     o.    neck pain,

     p.    trouble sleeping and nightmares,

     q.    anxiety, and

r.      panic attacks.

64.     If the Involved Car was not defective and the Secondary Collision had not occurred, Mr. Grmek would not have suffered the injuries described in paragraph 63, even if the Initial Collision had still occurred.

65.     The actions and inactions of Defendant Hyundai Motor Company, Ltd. and the defective condition of the Involved Car were legal and factual causes of Mr. Grmek's injuries.

66.     As a result of Mr. Grmek's injuries, he has suffered the following damages:

a.      past, present, and future pain and suffering;

b.      inconvenience, embarrassment, emotional distress, and mental anguish;

c.      further and additional injuries to the involved muscles, nerves, tissues, organs, ligaments, and vascular systems;

d.      past, present, and future medical expenses;

e.      ongoing need for occupational therapy and physical therapy;

f.      past, present, and future earnings loss and loss of earning capacity;

g.      impairment of his general health, strength, and vitality;

h.      scarring and disfigurement;

i.      loss of mobility and independence; and

j.     loss of the ordinary pleasures and enjoyment of life, including—

without limitation—inability to maintain his home and inability to

participate in previously enjoyed social and physical activities.

WHEREFORE, Plaintiff Luke Grmek requests compensatory damages against

Defendant Hyundai Motor Company, Ltd. in excess of the jurisdictional limits of the Board

of Arbitrators for this Court, plus interest, costs, and any other amounts set by the Court.

### Count 3—Breach of Warranty
### Luke Grmek v. Hyundai Motor Company, Ltd.

Plaintiffs restate paragraphs 1 through 66 of this Complaint as if set forth in their

entirety here.

67.     At the time Defendant sold the 2006 Hyundai Santa Fe to Mr. Grmek, Defendant

warranted, both expressly and impliedly, that the Hyundai Santa Fe was free from defects,

was of merchantable quality, and was safe and suitable for the uses for which it was

intended.

68.     Defendant breached the warranties mentioned above, both express and implied, by

providing Mr. Grmek with a Hyundai Santa Fe which was defective as more fully described

above, and that was unmerchantable and unfit for the ordinary purpose for which it was

intended.

69.    As a direct result of Defendant's breach of its contracts and its breach of its express

and implied warranties, Mr. Grmek suffered the injuries and damages listed in paragraphs

40 and 42 of this Complaint.

WHEREFORE, Plaintiff Luke Grmek requests compensatory damages against

Defendant Hyundai Motor Company, Ltd. in excess of the jurisdictional limits of the Board

of Arbitrators for this Court, plus interest, costs, and any other amounts set by the Court.

## Count 4—Negligence
## Luke Grmek v. Hyundai Motor America Corporation

Plaintiffs restate paragraphs 1 through 69 of this Complaint as if set forth in their

entirety here.

70.    Defendant Hyundai Motor America Corporation was negligent in the manufacture,

design, assembly, distribution, sale, and introduction into the stream of commerce of the

Involved Car.

71.    Specifically, Defendant Hyundai Motor America Corporation was negligent in:

a.    failing to design, manufacture, and sell the 2006 Hyundai Santa Fe or

its restraint system in a manner so as to render it safe for its intended

purpose by providing a safe and adequate design;

b.    failing to test the 2006 Hyundai Santa Fe or its restraint system to

determine whether it provided a reasonably adequate design;

c.    failing to warn that the 2006 Hyundai Santa Fe and its restraint

system may not operate properly;

d.    failing to provide for a reasonable design of the 2006 Hyundai Santa

Fe and its restraint system;

19

e.      failing to provide sufficient warnings as to the reasonably foreseeable

dangers intended in the use or operation of the 2006 Hyundai Santa Fe and

its restraint system;

f.      misrepresenting the safety of the 2006 Hyundai Santa Fe;

g.      failing to exercise due and reasonable care under the circumstances in

the design, manufacture, and sale of the 2006 Hyundai Santa Fe; and

h.      designing, manufacturing, and selling the 2006 Hyundai Santa Fe

with a defective and unreasonably dangerous restraint system.

72.     As a result of the negligence of Defendant Hyundai Motor America Corporation, Mr.

Grmek suffered the following injuries, some of which may be permanent:

a.      traumatic brain injury,

b.      encephalopathy,

c.      amnesia,

d.      vision problems,

e.      speech impairment,

f.      headache,

g.      dizziness,

h.      trouble concentrating,

i.      difficulty with balance,

j.      post-concussive syndrome,

k.      multiple episodes of loss of consciousness,

l.    silent seizures,

m.    depression,

n.    left sided weakness,

o.    neck pain,

p.    trouble sleeping and nightmares,

q.    anxiety, and

r.    panic attacks.

73.    The negligence of Defendant Hyundai Motor America Corporation was a legal and factual cause of Mr. Grmek's injuries.

74.    As a result of Mr. Grmek's injuries, he has suffered the following damages:

a.    past, present, and future pain and suffering;

b.    inconvenience, embarrassment, emotional distress, and mental anguish;

c.    further and additional injuries to the involved muscles, nerves, tissues, organs, ligaments, and vascular systems;

d.    past, present, and future medical expenses;

e.    ongoing need for occupational therapy and physical therapy;

f.    past, present, and future earnings loss and loss of earning capacity;

g.    impairment of his general health, strength, and vitality;

h.    scarring and disfigurement;

i.     loss of mobility and independence; and

j.     loss of the ordinary pleasures and enjoyment of life, including—

without limitation—inability to maintain his home and inability to

participate in previously enjoyed social and physical activities.

WHEREFORE, Plaintiff Luke Grmek requests compensatory damages against

Defendant Hyundai Motor America Corporation in excess of the jurisdictional limits of the

Board of Arbitrators for this Court, plus interest, costs, and any other amounts set by the

Court.

### Count 5—Strict Liability Upon Proof of Malfunction
### Luke Grmek v. Hyundai Motor America Corporation

Plaintiffs restate paragraphs 1 through 74 of this Complaint as if set forth in their

entirety here.

75.    Defendants manufactured and distributed the Involved Car.

76.    In light of the fact that Mr. Grmek was wearing his seat belt, the only way the

Secondary Collision could have occurred was if the restraint system malfunctioned.

77.    Therefore, the restraint system in the Involved Car malfunctioned.

78.    The restraint system in the Involved Car was given only normal or anticipated use

prior to the accident (which—in this case—was the Secondary Collision).

79.    No reasonable secondary causes were responsible for the accident (which—in this

case—was the Secondary Collision).

80.    Because of the malfunction of the restraint system in the absence of abnormal use

and reasonable secondary causes, the Involved Car was in a defective condition.

81.   The Involved Car was in a defective condition at the time it left the possession and control of Defendant Hyundai Motor America Corporation and was not substantially changed prior to the time of the Initial Collision.

82.   Indeed, since the Involved Car was never in a crash prior to the Initial Collision, the restraint system had never been implemented or called into action.

83.   Thus, only certain parts of the Involved Car had ever been used prior to the Initial Collision and the restraint system—which had never been used in a crash—was the cause of the defect.

84.   Day-to-day buckling and unbuckling of the seatbelts does not constitute "use" of the restraint system so as to establish that it had previously been shown to work as intended in a crash.

85.   The restraint system had not been disassembled, altered, or replaced since the time that the Involved Car left the manufacturer's control and the time of the Initial Collision.

86.   The restraint system was, therefore, defective at the time it left the manufacturer's control regardless of the fact that the Involved Car otherwise functioned properly for a prolonged time.

87.   The Involved Car was, therefore, defective at the time it left the manufacturer's control despite driving normally for years before the Initial Collision.

88.   In the alternative, the components of the restraint system failed before the expiration of the Involved Car's expected lifespan.

89.   Mr. Grmek was harmed, as established more fully in paragraphs 40 and 42 of this Complaint.

90.    The Involved Car was a factual cause or a substantial factor in causing Mr. Grmek's harm and injuries.

91.    When the Involved Car was designed, an alternative, safer, practicable restraint system design existed that would have prevented the Secondary Collision.

92.    If an alternative restraint system had been utilized that would have prevented the Secondary Collision, Mr. Grmek would not have suffered from any head injury during the crash.

93.    Mr. Grmek's head injuries were attributable to the defective restraint system.

94.    Defendant Hyundai Motor America Corporation, by its agents, servants, or employees, is strictly liable by:

    a.    designing, manufacturing, and selling the 2006 Hyundai Santa Fe or its restraint system in a manner so as to render them unsafe for their intended purpose;

    b.    failing to include adequate warnings that the 2006 Hyundai Santa Fe or its restraint system may not operate properly;

    c.    designing, manufacturing, and selling the 2006 Hyundai Santa Fe with a defective and unsafe restraint system;

    d.    failing to provide sufficient warnings as to the dangers intended in the use or operation of the 2006 Hyundai Santa Fe;

    e.    misrepresenting the safety of the 2006 Hyundai Santa Fe; and

f.    designing, manufacturing, and selling the 2006 Hyundai Santa Fe in such a manner that permitted the driver to strike his head on the steering wheel in a collision.

95.    As a result of the actions and inactions of Defendant Hyundai Motor America Corporation and the defective condition of the Involved Car, Mr. Grmek suffered the following injuries, some of which may be permanent:

a.    traumatic brain injury,

b.    encephalopathy,

c.    amnesia,

d.    vision problems,

e.    speech impairment,

f.    headache,

g.    dizziness,

h.    trouble concentrating,

i.    difficulty with balance,

j.    post-concussive syndrome,

k.    multiple episodes of loss of consciousness,

l.    seizures,

m.    left sided weakness,

n.    neck pain,

o.    trouble sleeping and nightmares,

p.   anxiety, and

q.   panic attacks.

96.   If the Involved Car was not defective and the Secondary Collision had not occurred, Mr. Grmek would not have suffered the injuries described in paragraph 95, even if the Initial Collision had still occurred.

97.   The actions and inactions of Hyundai Motor America Corporation and the defective condition of the Involved Car were legal and factual causes of Mr. Grmek's injuries.

98.   As a result of Mr. Grmek's injuries, he has suffered the following damages:

a.   past, present, and future pain and suffering;

b.   inconvenience, embarrassment, emotional distress, and mental anguish;

c.   further and additional injuries to the involved muscles, nerves, tissues, organs, ligaments, and vascular systems;

d.   past, present, and future medical expenses;

e.   ongoing need for occupational therapy and physical therapy;

f.   past, present, and future earnings loss and loss of earning capacity;

g.   impairment of his general health, strength, and vitality;

h.   scarring and disfigurement;

i.   loss of mobility and independence; and

j.      loss of the ordinary pleasures and enjoyment of life, including—

without limitation—inability to maintain his home and inability to

participate in previously enjoyed social and physical activities.

WHEREFORE, Plaintiff Luke Grmek requests compensatory damages against

Defendant Hyundai Motor America Corporation in excess of the jurisdictional limits of the

Board of Arbitrators for this Court, plus interest, costs, and any other amounts set by the

Court.

### Count 6—Breach of Warranty
### Luke Grmek v. Hyundai Motor America Corporation

Plaintiffs restate paragraphs 1 through 98 of this Complaint as if set forth in their

entirety here.

99.     At the time Defendant sold the 2006 Hyundai Santa Fe to Mr. Grmek, Defendant

warranted, both expressly and impliedly, that the Hyundai Santa Fe was free from defects,

was of merchantable quality, and was safe and suitable for the uses for which it was

intended.

100.    Defendant breached the warranties mentioned above, both express and implied, by

providing Mr. Grmek with a Hyundai Santa Fe which was defective as more fully described

above, and that was unmerchantable and unfit for the ordinary purpose for which it was

intended.

101.    As a direct result of Defendant's breach of its contracts and its breach of its express

and implied warranties, Mr. Grmek suffered the injuries and damages listed in paragraphs

40 and 42 of this Complaint.

WHEREFORE, Plaintiff Luke Grmek requests compensatory damages against

Defendant Hyundai Motor America Corporation in excess of the jurisdictional limits of the

Board of Arbitrators for this Court, plus interest, costs, and any other amounts set by the Court.

## Count 7—Loss of Consortium
### Carol Grmek v. Hyundai Motor Company, Ltd. and Hyundai Motor America Corporation

Plaintiffs restate paragraphs 1 through 101 of this Complaint as if set forth in their entirety here.

102.   At all times relevant to this Complaint, Mr. Grmek was married to Plaintiff Carol Grmek and Plaintiffs continue to be married.

103.   As a result of the wrongful and negligent acts of the Defendants and the defective condition of the Involved Car, Plaintiffs were caused to suffer—and will continue to suffer in the future—loss of consortium, society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

104.   The injuries and damages listed above were caused directly and proximately by the negligence of the Defendants and the defective condition of the Involved Car.

105.   The previously mentioned loss of consortium is or may be permanent.

WHEREFORE, Plaintiff Carol Grmek requests compensatory damages against

Defendant Hyundai Motor Company, Ltd. and Hyundai Motor America Corporation in an

amount in excess of the jurisdictional limits of the Board of Arbitrators for this Court, plus

interest, the cost of this suit, and any other amounts set by the Court.

Dated: 8 October 2018
      Pittsburgh, PA

Respectfully submitted,

PRIBANIC & PRIBANIC, LLC

By: _____
Victor H. Pribanic
Pa. I.D. No. 50785

Matthew R. Doebler
Pa. I.D. No. 304848

513 Court Place
Pittsburgh, PA 15219

412-281-8844

## VERIFICATION

Plaintiffs verify that they are the Plaintiffs in the foregoing action; that the foregoing Complaint is based upon information which they have furnished to their counsel and information which has been gathered by their counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of Plaintiffs. Plaintiffs have read the Complaint and to the extent that the Complaint is based upon information which they have given to their counsel, it is true and correct to the best of their knowledge, information and belief.

To the extent that the contents of the Complaint are that of counsel, they have relied upon counsel in making this verification. Plaintiffs understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATE: _10-16-18_

_____
Luke Grmek

DATE: _10-16-18_

_____
Carol Grmek

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was served upon all counsel of record by overnight mail this 17th day of October 2018:

Clem C. Trischler, Esq.
Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP
38th Floor
One Oxford Centre
Pittsburgh, PA  15219

PRIBANIC & PRIBANIC, LLC

Matthew R. Doebler

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Matthew R. Doebler, Esq.

Signature: _____

Name: Matthew R. Doebler, Esq.

Attorney No. (if applicable): 304848

Rev. 12/2017